UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIVIDAD GUTIERREZ,<br><br>          Plaintiff,<br><br>     v.<br><br>HONG HWAH KO, et al.,<br><br>          Defendants. | Case No.: 1:15-cv-01156-BAM<br><br>**ORDER TO SHOW CAUSE TO PLAINTIFF NATIVIDAD GUTIERREZ WHY SANCTIONS SHOULD NOT BE IMPOSED INCLUDING DISMISSAL OF ACTION**<br><br>**HEARING: Tuesday, December 20, 2016, at 9:00 AM in Courtroom 8 (BAM)**<br><br>Personal Appearance Required |

**TO PLAINTIFF NATIVIDAD GUTIERREZ:**

Plaintiff Natividad Gutierrez is proceeding *pro se* in this action. Plaintiff failed to appear at the Status Conference on November 29, 2016. Previously, on November 15, 2016, Plaintiff was advised by mail that a status conference would be held on November 29, 2016, at 9:00 a.m., and that he was required to appear in person. (Doc. 37). On November 29, 2016, counsel for Defendants appeared at the status conference by telephone, however, Plaintiff failed to appear or otherwise contact the Court. Without Plaintiff's appearance, the status conference could not proceed. Further, at the hearing, Defendants' counsel informed the Court that there has been no contact with Plaintiff since he became pro per.

Therefore, Plaintiff SHALL show cause why he has failed to participate in these proceedings and obey the orders of this Court and why sanctions, up to an including terminating sanctions, should not be imposed for his failure to appear at the status conference. Plaintiff is further put on notice that failure to timely respond, as explained in this order, may result in the imposition of sanctions, including dismissal of this action.

1

**DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

**Accordingly, the Court HEREBY ORDERS as follows:**

1. **Plaintiff Natividad Gutierrez** is hereby **ORDERED TO SHOW CAUSE** why this Court should not impose sanctions, including dismissal of this action, for his failure to appear at the status conference and otherwise comply with this Court's orders  Plaintiff shall respond to this Order to Show Cause, **in writing**, no later than **December 9, 2016;**

2. Plaintiff's written statement **SHALL** identify his current physical address, telephone number, and email address, if any. He also shall advise the Court whether he intends to continue to prosecute this action;

3. The Court also **SETS** a Show Cause Hearing for **December 20, 2016 at 9:00 AM** in Courtroom 8 (BAM) before United States Magistrate Judge Barbara A. McAuliffe;

4. Plaintiff **SHALL** appear at the show cause hearing **in person**;

5. Defendants' counsel may appear at the show cause hearing by telephone by contacting chambers at (559) 499-5789 prior to the conference;

6. The Clerk of the Court is directed to serve this Order to Show Cause on Plaintiff by mail; and

7. **Plaintiff's failure to respond to this order or failure to appear at the December 20, 2016 hearing will result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated:   **November 29, 2016**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE